JOHNSON *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

1. RAILROADS—PASSENGER FARE—TICKET—INSTRUCTIONS TO JURY.
   Plaintiff claimed to have paid his fare from Detroit to Wayne.
   On the car he handed defendant's conductor a ticket, and was
   informed that it was not good, and, on his refusal to pay the
   fare, he was ejected from the car. In an action for assault
   and battery against the railroad, a ticket was introduced in
   evidence by the defendant, who requested the court to charge
   that the ticket offered by plaintiff was not good between
   Detroit and Wayne. *Held*, that, as the plaintiff's testimony
   was in conflict with the theory of the request, it was properly
   modified by the statement that it was true if the ticket was
   the one given the conductor by the plaintiff.

2. SAME—WILLFUL INJURIES BY SERVANT.
   It is the duty of a railroad to protect passengers from the
   willful misconduct of its servants while performing the con-
   tract to carry, even if the injuries are inflicted by the servant
   when not acting within the scope of his authority. [1]

3. SAME—ASSAULT AND BATTERY BY CONDUCTOR—INSTRUCTIONS
   TO JURY.
   In an action against a railroad for an assault and battery
   inflicted by defendant's conductor upon a passenger, an
   instruction to the jury that plaintiff could not recover if he
   provoked the assault or was the aggressor was sufficiently
   favorable to defendant.

4. SAME—COSTS.
   3 Comp. Laws, § 11258, providing that, if plaintiff in an action
   for assault and battery recovers less than $50, he shall recover
   no more costs than damages, applies to an action against a
   railroad for an assault and battery committed by its servant.

Error to Wayne; Waite, J. Submitted January 28,
1902. (Docket No. 69.) Decided May 8, 1902.

Case by William Johnson against the Detroit, Ypsilanti
& Ann Arbor Railway for an assault and battery com-
mitted by its conductor. From a judgment for plaintiff,
defendant brings error. Affirmed.

[1] As to liability of carrier for assault by servant on passenger, see
note to *Davis* v. *Houghtelin*, (Neb.) 14 L. R. A. 737.

*Corliss, Andrus & Leete*, for appellant.

*Edward M. Vining*, for appellee.

MONTGOMERY, J.   Plaintiff boarded defendant's car in Detroit, paid his fare to Wayne, and received a check or ticket in receipt for it.   Conductors were changed before the car reached Wayne, and plaintiff testified that he presented the check given him by the first conductor to the second conductor.   The conductor informed plaintiff that the ticket was not good, and, on plaintiff's refusing to pay his fare, ejected him from the car.   A ticket was received in evidence, which the conductor testified was the one in question, and which obviously did not entitle plaintiff to ride from Detroit to Wayne.   One of defendant's assignments of error relates to the refusal of the court to charge that the ticket offered by plaintiff was not good between Detroit and Wayne.   We think plaintiff's testimony on this point was in conflict with the theory of the request to charge, and that the request was properly modified by the statement that it was true if the ticket received in evidence was the one given the conductor by the plaintiff.   Plaintiff again boarded the car, paid his fare again, and, it was testified, demanded the return of the ticket, which was refused.   A few minutes later plaintiff went to the rear platform, where the conductor was, and again demanded the return of the ticket.   In an altercation which ensued the conductor struck the plaintiff, and inflicted the injuries sued for.

The principal contention of the defendant is that the company is not liable for this act of the conductor, because not within the scope of his authority.   We think the rule relieving the master from liability for a malicious injury inflicted by his servant when not acting within the scope of his employment does not apply between a common carrier of passengers and a passenger, and that it is the duty of the carrier to protect its passengers against injury from the willful misconduct of its servants while performing the contract to carry.   See *Haver* v. *Rail-*

*road Co.*, 62 N. J. Law, 282 (41 Atl. 916, 43 L. R. A. 84, 72 Am. St. Rep. 647); *Dwinelle* v. *Railroad Co.*, 120 N. Y. 117 (24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611); *Bryant* v. *Rich*, 106 Mass. 189 (8 Am. Rep. 311); *Hanson* v. *Railway Co.*, 75 Ill. App. 474; *Atchison, etc., R. Co.* v. *Henry*, 55 Kan. 721 (41 Pac. 952, 29 L. R. A. 465); *Dillingham* v. *Russell*, 73 Tex. 51, 52 (11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753).

The court instructed the jury that the circumstances occurring before plaintiff's return to the car were material only as they bore on the credibility of the witnesses, and that the plaintiff could not recover if he provoked the assault or was the aggressor. We think this sufficiently favorable to defendant, and that other parts of the charge complained of could not have prevented the jury from understanding that it was the rule which must govern the case.

The action was brought in the circuit court, and the jury awarded plaintiff $100 damages. Defendant asked for judgment for costs. This was refused. The declaration states the form of action as trespass on the case, but sets forth the acts constituting the wrong complained of. The statute (3 Comp. Laws, § 11258) provides:

" If the plaintiff in an action for assault and battery, or false imprisonment, or for slanderous words, or for libel, recover less than fifty dollars, such plaintiff shall recover no more costs than damages."

It is contended that this case does not fall within the statute, as the action is brought against the corporation, and not against the conductor. Nevertheless the action is one for an assault and battery, and comes within the express words of the statute.

Judgment affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.