Mary E. McMahon, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 13,951.

1. PASSENGER AND CARRIER—*duty to protect from assault.* The obligation on a carrier to use due diligence through its servants to protect its passengers from injury and abuse is equivalent to a guaranty that such injury and abuse shall not come from its servants themselves.

2. EVIDENCE—*what part of res gestæ.* If an injury to a passenger results from a scuffle between her husband and the conductor of the car, the language of the dispute which immediately preceded the scuffle is competent as part of the res gestæ.

3. INSTRUCTIONS—*effect of repetitions in.* It is not reversible error to give more than one instruction containing or involving the same doctrine.

4. INSTRUCTIONS—*when as to exercise of ordinary care properly refused.* An instruction as follows:

"If you believe from the evidence under the instructions, the plaintiff could and would on the occasion in question have avoided the alleged injury by the exercise of ordinary and reasonable care and prudence on her own part, and that she did not exercise such ordinary and reasonable care and prudence, and as an approximate result thereof received the alleged injury, she cannot recover in this case,"—

held properly refused in a case where the injury resulted to the plaintiff by being inadvertently struck by the conductor in charge of the car in which she was riding while such conductor was in a scuffle with the plaintiff's husband, the court holding that under the facts of the case such an instruction could only have been interpreted to mean that the jury must hold it entirely the plaintiff's own fault that she was hurt, if they believe that she would not have been hurt if she had remained impassively in her seat when the assault on her husband was made or threatened.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed October 8, 1908.

**Statement by the Court.** This is an appeal from a judgment for $1,650, entered against the appellant, the Chicago City Railway Company, which was defendant below, in favor of the appellee, Mary E. Mc-

Mahon, who was plaintiff below, by the Superior Court of Cook county on April 20, 1907. The judgment was based on the verdict of a jury for $1,850, from which amount of assessed damages the plaintiff remitted $200, because of a suggestion by the trial judge that he did not regard the proof in support of certain alleged charges of a physician, amounting to $200, to be sufficient.

The declaration was in one count. It charged that the plaintiff on August 23, 1903, was a passenger on the street railway of the defendant on South Halsted street in Chicago, to be carried from Sixty-third street to Thirty-fifth street; that it was the duty of the defendant to carry her safely between these two streets, and its duty and that of its servants and employes to treat her as a passenger on said car in a respectful and decent manner, and to use due care and diligence to prevent her being injured while on said car; that not regarding the said duties, the conductor, while said car was between said streets, used obscene and insulting language towards the plaintiff and made slurring and insulting remarks to the husband of the plaintiff, who was with her in said car, and made an attempt to strike and beat him; that while so scuffling the conductor hurriedly moved backward and dashed against the plaintiff, and dashed her down and against a brass rod forming the end portion of the car seat, and injured her externally and internally, etc.

To this declaration the defendant pleaded the general issue, and the case was submitted to a jury with the result before noted.

In this court many assignments of error have been made, but the grounds argued which are covered by said assignments are stated by appellant to be: First, that the verdict is not justified by the evidence; second, that there were errors in the admission of improper and the rejection of proper evidence, and, third, that there were improper instructions given at appel-

lee's request, and proper ones requested by appellant refused.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant.

CUNNINGHAM & CUNNINGHAM, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The essential matters of fact and of law involved in this case are few and simple.

On Sunday afternoon, August 23, 1903, the plaintiff with her husband as passengers boarded a street car in Chicago operated by the defendant. They had transfers from another line entitling them to ride.

Concerning further transfers, they became involved in a controversy and unpleasant talk with the conductor of the car, which became an altercation between the conductor and the plaintiff's husband, in which others took part when it culminated, as it did, in a scuffle. The plaintiff, when her husband was threatened by the conductor with blows and addressed by him with vituperative, profane and obscene language, jumped up from where she was sitting across the aisle, which brought her within range of the conductor's arm as he was struggling to free himself from the grasp of other passengers who were holding him back from physical assault on her husband. The arm or elbow of the conductor in his struggles struck the plaintiff and knocked her against the corner of the seat, and afterward she was by the swaying crowd thrown over. She was seriously injured by the occurrence.

This is the plaintiff's story, and we think in all essential particulars, including the fact of serious injury, it is corroborated by the other testimony taken together.

Minor inconsistencies and variations in the testimony of persons detailing a momentary broil several

years before might be expected. Neither such variations nor the fact that the defendant's records showed no report of the affair prevented the jury from giving evident credence to the essential features of the plaintiff's charges as to the occurrence itself; and we certainly cannot say, after an examination and analysis of the evidence, that their finding was clearly and manifestly against the weight of that evidence or even, in our own view, incorrect.

As to the injuries received and the amount of damages, there was, in the discrepancies of the medical testimony offered and as to the credibility of the plaintiff's statements, a proper field for the jury to exercise their judgment, and after our examination of the record we do not feel called on to interfere with their decision.

The chief reliance of the appellant, however, may be said to be on the proposition of law that "the acts of the conductor were without the scope of his authority and not committed while he was engaged in the prosecution of appellant's business."

Of the accuracy of the abstract proposition that a master is not responsible for the acts of his servant not done within the scope of the business in which he is employed, there is no doubt, and some cases, like Isaacs v. 3rd Ave. R. R. Co., 47 N. Y. 122, and Parker v. Erie Railway Company, 5 Hun 57, would seem to apply it to cases resembling the present. But we do not think that this principle is applicable under the law as it has been declared in Illinois and in most other jurisdictions concerning the duty of carriers to passengers.

The declaration alleges a duty on the defendant to carry the plaintiff safely on its car, to treat her in a respectful and decent manner, and to use due care and diligence to prevent her being injured while on the car, and the neglect of that duty by the defendant's servants, and we think the case was made out.

The doctrine of Illinois courts that the duty arising from the contract of the carrier includes the obligation of using due diligence through its servants to protect the passenger from assault, injury and abuse from third persons and *a fortiori* from its own agents and servants in control of the conveyance, may be gathered from such cases as Keokuk Northern Line Packet Co. v. True, 88 Ill. 608; C. & E. R. R. Co. v. Flexman, 103 Ill. 546; Hanson v. U. & C. Ry. Co., 75 Ill. App. 474; and Mahoney v. C. C. T. Co., 131 Ill. App. 591; while the same rules have been laid down strongly in other jurisdictions in such cases as Craker v. C. & N. W. Ry. Co., 36 Wisconsin, 657; Goddard v. Grand Trunk Ry. Co., 57 Maine, 202; P. F. W. & C. R. Co. v. Hinds, 53 Pa. St. 512; Smith v. Norfolk R. Co., 48 West Virginia, 69; Johnson v. Detroit, etc., R. R. Co., 130 Mich 453; Williams v. Gill, 122 North Carolina 967; Nieto v. Clark, 1 Clifford, 145; St. Louis, etc., R. Co. v. Mackie, 71 Tex. 491.

It is plain that the obligation on the carrier to use due diligence through its servants to protect its passengers from injury and abuse is equivalent to a guaranty that such injury and abuse shall not come from its servants themselves, and so many of these cases decide or imply.

We do not accede to the proposition of appellant that appellee, because she admitted starting up from the seat opposite at the scuffle and abuse involving her husband, and thus coming sufficiently near the melee to receive the blow or push from the conductor which overthrew her, showed that the injury was the result of her own carelessness and voluntary act. Her action was plainly the result of a natural and, under the circumstances, almost inevitable impulse, and the conductor, not she, must be held responsible for it. It does not need, therefore, the additional circumstance the evidence tends to show, that the conductor's words were at least in one case in the plural and directed to

her as well as her husband, to justify the verdict. Nor does, under these circumstances, the fact that the conductor's push or impact on her body was not apparently intentionally directed towards her make it the less an assault for which he is liable.

The appellant complains of the admission of evidence of the conductor's words to her husband preceding and during the scuffle, asserting them to be immaterial and incompetent in this controversy. But even if these words were not properly to be considered as addressed "towards" both the persons, closely connected as they were, concerning whose transfers the altercation arose, they were competent as part of the *"res gestæ."* Matters of this sort must not be so subdivided that the immediate origin of the act complained of cannot be shown.

The *remittitur* of $200 from the verdict remedied the error, if there was one, in allowing such of the evidence as was offered and admitted concerning Dr. Dinwoodie's bill. We do not think there was any error.

The testimony which it was sought to introduce about the plaintiff's running a card game at night was incompetent and improper, and the objection properly sustained to it; but nevertheless all the questions asked by appellant's counsel were answered before the respective objections were made, and we cannot see the ground for appellant's complaint.

We do not think there was error in allowing appellee's counsel to ask Mrs. O'Connor this question concerning the plaintiff (Rec. 243) :.

"Well, do you, of your own knowledge, know of any trouble she had affecting her kidneys?"

The answer, "Not before, I never heard anything, but after, I did," was not responsive and objectionable, but it was immediately taken up in cross-examination and any ill effect it may have had entirely neutralized by the prompt admission that the witness did not know what the plaintiff might have had before the

occurrence in question, and all that she meant was that she never heard her "complain" before.

The complaint made of the plaintiff's instructions and the repetition involved in them are not well founded. There is a difference between holding that it is not error to refuse to repeat propositions of law covered by given instructions, as the court did in North American Restaurant v. McElligott, 227 Ill. 317, cited by counsel, and in hundreds of other cases as well, and holding that it is reversible error to give more than one instruction containing or involving the same doctrine.

The instructions tendered by the defendant and refused were certainly, most of them, covered by the twenty-four which were given at the defendant's instance.

The refusal of No. 34, which was as follows: "If you believe from the evidence under the instructions, the plaintiff could and would on the occasion in question have avoided the alleged injury by the exercise of ordinary and reasonable care and prudence on her own part, and that she did not exercise such ordinary and reasonable care and prudence, and as an approximate result thereof received the alleged injury, she cannot recover in this case," was, in our opinion, justifiable. In our view of the matter, the instruction would have been misleading and inapplicable. It could only have been interpreted to mean that the jury must hold it entirely the plaintiff's own fault that she was hurt, if they believed that she would not have been hurt if she had remained impassively in her seat when the assault on her husband was made or threatened. This is a theory to which we cannot agree.

The instruction concerning "the operation advised by the plaintiff's physician," which was refused, did not, in our opinion, state a correct principle of law, and was in any event objectionable as applied to the evidence in this case. The only reference to an "op-

eration" made by Dr. Dinwoodie, as sworn to both by him and Mr. Halane—Rec. 293, 314 and 402—related to a proposed operation for an ovarian trouble which antedated the occurrence involved in this suit.

The judgment of the Superior Court is affirmed.

*Affirmed.*