SLITER v COBB

1. Master and Servant—Independent Contractors.

While it is often difficult to draw a precise line between an independent contractor and an employee, the Michigan Supreme Court has followed the generally accepted view that the test is one of control.

2. Judgment—Summary Judgment—Pleading—Issues of Fact.

A motion for summary judgment will not be granted where there are material issues of fact raised on the pleadings.

3. Judgment—Summary Judgment—Automobiles—Newspaper Deliveryman—Master and Servant—Independent Contractors—Issues of Fact.

Plaintiffs raised an issue of fact, in an automobile negligence action from which a jury could have found evidence that a newspaper deliveryman was an employee of a newspaper, which made the grant of summary judgment for the newspaper on the ground that the deliveryman was an independent contractor, improper where: (1) the newspaper owned the route, leased it to the deliveryman and it required him to allow a replacement to ride with him during the last two weeks he worked, after notice that he intended to quit, so that the replacement could learn the route; (2) the deliveryman was forbidden by his contract with the newspaper from delivering any other publication on the route without written authorization of the newspaper; (3) when the deliveryman experienced difficulty, agents of the newspaper rode with him in an effort to iron out the problems; (4) the newspaper directed the manner in which the papers were to be rolled, banded and deposited, which clearly involved control over the method of delivery; (5) the deliveryman was required to follow the newspapers' billing procedure, credit policies, and prescribed method of bookkeeping; (6) the deliveryman was permitted to cancel a customer for nonpayment, he was prohibited by the newspaper from termi-

References for Points in Headnotes
[1] 53 Am Jur 2d, Master and Servant § 4.
[2, 3] 41 Am Jur 2d, Pleadings §§ 340–343.

nating a customer for any other reason without first consulting and receiving permission from the newspaper; and (7) the route lease provided that the deliveryman was to receive from the newspaper a mileage allowance of seven cents per mile for servicing the route.

Appeal from Court of Appeals, Division 3, R. B. Burns, P. J., and Holbrook and Levin, JJ., affirming Berrien, Chester J. Byrns, J. Submitted June 7, 1972. (No. 9 June Term 1972, Docket No. 53,-749.) Decided August 30, 1972.

36 Mich App 471 reversed.

Complaint by Mary Sliter, Kermit W. Sliter, Erna Friesen, Charles Friesen, Jr., and Elenor Krell against Marion Cobb, Ronald Lee Sims, and The Benton Harbor News Palladium, for damages for injuries received in an automobile accident. Summary judgment for The Benton Harbor News Palladium. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Reversed and remanded for new trial.

*Cholette, Perkins & Buchanan (by Sherman H. Cone),* for plaintiffs.

*Carl L. Reagh* and *Foster, Lindemer, Swift & Collins,* for defendant, The Benton Harbor News Palladium.

SWAINSON, J. Plaintiffs herein brought action as the result of an accident between a vehicle operated by Mary Sliter and an automobile owned by defendant Cobb and driven by defendant Sims. Plaintiffs filed suit on March 27, 1969, asserting liability on the part of defendant Benton Harbor News Palladium. They contended that defendant Sims was driving defendant Cobb's vehicle at the

request of Cobb, who was delivering newspapers pursuant to an agreement between Cobb and The Benton Harbor News Palladium; that at the time of the accident defendant Cobb was an employee of the Palladium; that the accident occurred in the course and scope of his employment and, thus, defendant Benton Harbor News Palladium was liable for plaintiffs' injuries.

On May 18, 1970, defendant Benton Harbor News Palladium (hereinafter referred to as the News) filed motion for summary judgment, asserting that Cobb was an independent contractor and, therefore, defendant News could not be held liable. An amended motion for summary judgment was filed on May 27, 1970, which motion was granted by the trial court on July 13, 1970. The court held that defendant Cobb was an independent contractor, not an employee of the News. The Court of Appeals affirmed the grant of summary judgment basing its opinion on *Gall v Detroit Journal Co,* 191 Mich 405 (1916). Judge Levin dissented in a separate opinion. 36 Mich App 471. We granted leave to appeal. 386 Mich 780.

Both parties agree on the issue raised on this appeal. The agreed issue is: Whether the evidence presented in connection with defendant News' motion for summary judgment, when viewed most favorable to plaintiffs, creates a question of fact as to whether defendant newspaper maintained sufficient control over its newscarrier, Cobb, to warrant a jury finding that Cobb was, under the traditional test of employment, an employee of defendant News?

As stated, the majority opinion of the Court of Appeals in affirming the grant of summary judgment relied on *Gall v Detroit Journal Co, supra.* In that case plaintiff was also injured in an automo-

bile accident by a person delivering newspapers for the Detroit Journal Company. The jury awarded $500 in damages; the Supreme Court reversed, holding that under the facts of the case the newspaper deliveryman was an independent contractor and not an employee of the newspaper. Our Court stated (pp 408–409):

"The contract between the Detroit Journal Company and Rebtoy constituted a very plain and simple arrangement for an employment of an equally plain and simple character. Omitting the provisions relating to default or failure in performance, it amounted to just this: Rebtoy was to deliver the papers to such persons, at such places, and on such time as the company should from day to day designate. Such delivery was the result to be obtained. And Rebtoy was to effect such delivery and obtain such result by any means and by any conveyance and in any way he saw fit. He could make the deliveries in person, or through others employed by him. It is shown by the evidence that those making deliveries for the company did occasionally employ others to do the work. He could use a horse, an automobile, or carry the papers on foot, provided he got them to the right persons, at the right places, and upon time. So far as the terms of the contract are concerned Rebtoy was certainly an independent contractor and not a servant. One whom the employer does not control, and has no right to control, as to the method, or means, by which he produces the result contracted for is an independent contractor."

The Court in *Gall* examined the contract there involved and found that under its terms Rebtoy, the newspaper deliveryman, was an independent contractor and not an employee. Thus, it is clear that *Gall* was decided on the basis of the facts in that case and did not set down a general rule for the liability of newspaper deliverymen.

While it is often difficult to draw a precise line between an independent contractor and an em-

ployee, our Court has followed the generally accepted view that the test is one of control. In *Marchand v Russell,* 257 Mich 96, 100–101 (1932), the Court stated:

"This and many other courts have frequently been called upon to decide whether, on the rendition of service by one person to another, the relation of master and servant or that of independent contractor was created by the employment. In *Zoltowski v. Ternes Coal & Lumber Co.,* 214 Mich. 231, 233 [1921], the following from 26 Cyc. p. 1546, was quoted and said to epitomize the holdings of this court upon the question:

" 'An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work. Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results.' "

Moreover, when a motion is made for summary judgment, it will not be granted where there are material issues of fact raised on the pleadings. *Kaminski v Standard Industrial Finance Co,* 325 Mich 364, 369 (1949); *Klug v Berkley Homes, Inc,* 334 Mich 618 (1952).

Defendant News cites several cases in support of its view that as a matter of law Cobb was an independent contractor and not an employee. It relies on *Mirto v News-Journal Co,* 50 Del 103; 123 A2d 863 (1956); *Peairs v Florida Publishing Co,*

132 So 2d 561 (Fla App, 1961); and *Bohanon v James McClatchy Publishing Co,* 16 Cal App 2d 188; 60 P2d 510 (1936).

Plaintiffs rely on several cases decided since *Gall,* and cited in Judge LEVIN's dissenting opinion, for the view that there was an issue of fact raised in this case. See *Eber v Bauer,* 252 Mich 571 (1930); *Marchand v Russell, supra; Cooper v Interstate Motor Freight Co,* 264 Mich 131 (1933); *Lewis v Summers,* 295 Mich 20 (1940); *Brinker v Koenig Coal & Supply Co,* 312 Mich 534 (1945); and *Buehler v Beadia,* 343 Mich 692 (1955).

It is clear that in this area the result must be based on the particular facts of each case, and all of the cases cited, while properly stating the general rule, are not dispositive in this situation. Thus, we must look closely to the facts of this case to determine whether plaintiffs have raised an issue of fact as to whether Cobb was an employee of defendant News, or was an independent contractor.

We believe there were sufficient facts to make the grant of summary judgment improper. The following facts from which a jury could have found evidence of an employer-employee relationship are contained in the record presented to us:

1) Defendant News owned the route and leased it to Cobb. The News reserved the right to cancel the agreement without notice for "good faith reason or reasons". When Cobb informed the News he intended to quit, it required him to allow a replacement from defendant News' office to ride with him during the last two weeks he worked for defendant News, so that the replacement could learn the route. In *Gall,* Rebtoy, the deliveryman, owned his route and sold it to another party (191 Mich 405, 408).

2) Cobb was forbidden by his contract with

defendant News from delivering any other publication on the route without written authorization of the News.[1] No such restriction appeared in the agreement in the *Gall* case.[2]

3) When Cobb experienced difficulty (which occurred several times) agents of defendant News rode with him in an effort to iron out the problems.

4) The News directed the manner in which the newspapers were to be rolled, banded and deposited. This clearly involves control over the method of delivery (which is an indication of an employer-employee relationship).

5) Cobb was required to follow the News' billing procedure, credit policies, and a prescribed method of bookkeeping.

6) Cobb was permitted to cancel a customer for nonpayment; he was prohibited by the News from terminating a customer for any other reason without first consulting and receiving permission from defendant newspaper.

7) Further, the route lease provided that Cobb was to receive from the News a mileage allowance of seven cents per mile for servicing the route.

In view of the above, we believe that *Gall* is distinguishable on its facts and that the Court of Appeals erred in holding *Gall* was controlling in this case. Our holding herein does not mean, however, that all newsboys are employees rather than independent contractors, or even that Cobb was an employee in this case. We merely hold that under

---

[1] The lease agreement provided in part:

"(c) That (he) will do (his) utmost to promote and expand the subscription list on the route described above; and that (he) will deliver no other publications on said route except as may be authorized in writing by the Lessor."

[2] The contract in the *Gall* case is found at 191 Mich 406–407.

the facts of this case plaintiffs raised an issue of fact which made the grant of summary judgment improper.

The judgment of the Court of Appeals is reversed and the case is remanded for new trial. Costs to plaintiffs.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.

BLACK, J., concurred in the result.