BURCH v A & G ASSOCIATES, INC

Docket No. 59021. Submitted November 17, 1982, at Detroit.—Decided
February 8, 1983. Leave to appeal applied for.

Curtis Burch was assaulted and robbed by the driver of a Checker
taxicab. Burch had exited from the taxicab, paid the driver,
and started walking toward his home when the assault and
robbery occurred. Burch and his wife filed suit in Wayne
Circuit Court against A & G Associates, Inc., and the Checker
Cab Company. The plaintiffs alleged that the defendants were
liable in four counts: (1) the beating suffered by Burch violated
the duty of due care owed to Burch by the defendants as
common carriers; (2) the beating was an act within the scope of
the driver's employment and thus the defendants are vicari-
ously liable; (3) by permitting the driver to use a "Checker
Cab", defendant Checker represented that the driver was its
agent and caused Burch to rely upon the driver as a safe,
competent driver who would not harm him; and (4) defendants
owed plaintiffs a duty to hire safe, competent drivers who
would not harm Burch and that by hiring the driver the
defendants violated that duty. The court, Thomas Roumell, J.,
denied the defendants' motion for summary judgment. The
defendants appeal by leave granted. *Held:*

1. The trial court's denial of summary judgment on counts
one, three, and four was affirmed. Counts one, three, and four
are essentially claims of negligent hiring. The plaintiffs' com-
plaint sets forth sufficient averments to reasonably inform the
defendants of the nature of the negligent hiring claims. There
is a question of fact as to whether the defendants and the cab

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur 2d, Carriers § 1192.
[2] 53 Am Jur 2d, Master and Servant §§ 426, 437, 438.
  Liability of employer, other than carrier, for a personal assault
  upon customer, patron, or other invitee. 34 ALR2d 372.
[3] 61A Am Jur 2d, Pleading § 230 *et seq.*
[4] § 61A Am Jur 2d, Pleading § 231.
[5] 53 Am Jur 2d, Master and Servant § 395.
[6] 14 Am Jur 2d, Carriers § 908.
[7] 14 Am Jur 2d, Carriers § 740.

driver had an employer-employee or an independent contractor relationship.

2. Summary judgment should have been granted on count two. The beating of Burch by the cab driver was not within the scope of the driver's employment.

Affirmed in part and reversed in part.

1. TORTS — TAXICABS.

A directed verdict for a defendant taxicab company should not be granted at the close of the plaintiff's proofs where there is a presumption of an employer-employee relationship between the company and the negligent cab driver because the company name and colors appear on the cab, which presumption is evidence to go to the jury.

2. TORTS — EMPLOYER-EMPLOYEE RELATIONSHIPS.

An employer is liable for the intentional tort of its employee if the tort is committed in the course and within the scope of the employee's employment; an employer is not liable, however, if the employee does the act while engaged in the employer's work but outside of his authority.

3. JUDGMENTS — SUMMARY JUDGMENTS.

Summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted should be granted only where the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

4. JUDGMENTS — SUMMARY JUDGMENTS.

A motion for summary judgment based on the claim that there is no genuine issue as to any material fact should only be granted where the trial court is satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which could not be overcome (GCR 1963, 117.2[3]).

5. TORTS — EMPLOYEES — SCOPE OF EMPLOYMENT.

Generally, a determination of whether an employee is acting within the scope of his employment for purposes of tort liability is for the trier of fact, but it is proper for a trial judge to take the case from the jury where it is clear that the employee was acting to accomplish some purpose of his own.

6. TORTS — COMMON CARRIERS.

A common carrier may be held liable for the tortious conduct of its servants committed outside the scope of employment be-

cause a common carrier owes a duty directly to its passengers to protect them from the wilful acts of its employees while performing the contract to carry and not because of any vicarious liability for the acts of its employees.

7. TORTS — COMMON CARRIERS — PASSENGERS.

A person's status, for purposes of tort liability, as a passenger of a street car or automobile continues until he has safely stepped therefrom and had a reasonable opportunity to leave the place at which he alights.

*Edwards & Edwards* (by *William J. Richards*), for plaintiffs.

*Alan R. Miller, P.C.* (by *Alan R. Miller* and *David L. Moffitt*), for defendants.

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

CYNAR, J. Defendants appeal by leave granted from the trial court's entry of an order denying defendants' motion for summary judgment. Plaintiffs accept the statement of facts as presented in defendants' brief on appeal.

Plaintiffs filed this action on May 24, 1978. The complaint was first amended on December 11, 1979, and for a second time on June 25, 1980.

The second amended complaint alleges that Lawrence McDonald was the agent and employee of defendants and was under their control, and that the cause of action arises out of the use and operation of a taxicab owned by defendant Checker. Plaintiffs allege that on June 28, 1977, plaintiff Curtis Burch hailed a taxicab which bore the insignia and name of defendant Checker and asked the driver, McDonald, to drive him to his home. After arriving at his home, Burch exited from the taxicab on the curbside and paid his fare plus a tip. He took several steps to walk over the

grassy area between the street curb and the sidewalk. When he reached the walkway which is located between the sidewalk and the front door to his home, he was assaulted by McDonald. McDonald beat Burch with an iron bar, pulled off Burch's pants while Burch was on the ground, and took his pants and their contents. McDonald jumped back into the cab, turned the cab around in the street and backed up over the curb, almost striking Burch.

McDonald was prosecuted for his assault of Burch. He pled guilty to assault with intent to murder and armed robbery and is currently in prison.

Liability against defendants in the second amended complaint is based on allegations in four counts.[1]

---

[1] The trial court has certified five "controlling questions of law":

"1. Is the question of an employer-employee or a principal-agent relationship one of fact under these circumstances for the trier of facts to decide, such that a genuine issue as to that fact precludes summary judgment pursuant to GCR 1963, 117.2(3)?

"2. Is the theory of vicarious liability applicable in the relationship between an alleged principal and agent involves apparent authority that is evidenced by certain trademarks, slogans, or other publicly known indicia of control associated with the principal, so that where facts are pled supporting that theory a sufficient legal claim is stated which would withstand a motion for summary judgment?

"3. Is a valid legal claim of negligent hiring pled, sufficient to withstand a motion for summary judgment, where the complaint alleges that the defendants negligently hired McDonald as their agent and failed to provide the public with a safe and competent driver?

"4. Is the duty of a common carrier to its passenger to deliver him to a place of safety extended beyond the moment the passenger leaves the carrier when the driver of the carrier transforms, by his actions, the place of safety into a place of danger?

"5. Is the tortious conduct of a driver of a common carrier to a passenger of that carrier within the scope of his apparent authority or employment as a driver of the common carrier?"

Defendants submit the following issues in their brief:

"I. Did a question of fact exist as to whether an employer-employee relationship existed between defendants and the cab driver or as to whether defendants are estopped from arguing that the driver was an independent contractor because defendants held themselves out as the

Count 1 alleges that the beating suffered by Burch violated the duty of due care owed to Burch by each defendant as a common carrier.

Count 2 alleges that the beating of Burch was an act within the scope of the driver's employment and, as such, was an act for which defendants are vicariously liable.

Count 3 alleges that, by permitting the driver to use a "Checker Cab", defendant Checker represented that the driver was its agent and caused Burch to rely upon the driver "as a safe, competent driver who would not harm him".

Count 4 alleges that defendants owed plaintiffs a duty to hire safe, competent drivers who would not harm Burch and that, by hiring McDonald, defendants violated this duty and that, as an alleged result of defendants' negligent hiring, retention, and supervision of McDonald, Burch was beaten.

On December 23, 1980, defendants moved for summary judgment under GCR 1963, 117.2, subds (1) and (3). In the motion, defendants stated that McDonald was not an employee of either defendant but, instead, operated the cab pursuant to a lease and that he was an independent contractor. Defendants alleged that defendant Checker was

driver's employer, thus rendering defendants vicariously liable if the driver was acting within the scope of his employment?

"II. Does a question of fact exist with respect to whether the driver was acting beyond the scope of his employment in assaulting and robbing plaintiff?

"III. Did plaintiffs raise a question of fact with respect to whether plaintiff was a passenger, thus creating a possibility of liability on the part of defendants for breach of its duty as a common carrier, where plaintiffs allege that defendants' driver assaulted plaintiff a few seconds after plaintiff had left the taxicab?

"IV. Did plaintiffs allege sufficient facts to plead a cause of action for negligent hiring, retention and supervision, where they allege that, by negligently hiring the driver, defendants breached the duty to hire and employ only safe, competent drivers who would not harm their passengers?"

a Michigan nonprofit corporation whose sole function was to promote and foster the private business of members of the corporation. The motion alleges that the *members* of Checker, and not defendant Checker, own the taxicabs.

Defendants argued that the assault and battery were outside the scope of McDonald's employment and that Burch was no longer a passenger at the time of the assault and battery.

Defendants also argued that Circuit Judge James Montante, in an action brought by defendants herein to compel their insurer to defend the instant case and pay for any resulting judgment, stated that the plaintiffs herein had failed to allege a cause of action based on negligent hiring.

Further, in their memorandum of law in support of the motion for summary judgment, defendants argued that the driver was an independent contractor, that the driver acted outside the scope of his employment, that facts were not sufficiently alleged to support a negligent hiring claim, and that a common carrier-passenger relationship did not exist between defendants and Burch at the time of the attack.

The trial judge ruled that plaintiffs pleaded sufficient elements to avoid summary judgment on the claimed negligent hiring and failure to provide a safe, competent driver. Further, there was a question of fact as to whether defendants controlled the driver. Alternatively, there were questions of fact with regard to apparent authority and reliance.

The trial judge ruled that, in situations where agents went beyond the scope of their employment, the employer was still liable under the "apparent authority" doctrine. Finally, the trial judge ruled that there was a question of fact with

respect to whether Burch was a passenger at the time of the attack.

It is deemed sufficient to consider the four counts pleaded in the second amended complaint in disposing of this appeal.

Initially, we determine that there is a question of fact as to whether defendants and the driver had an employer-employee or an independent contractor relationship. In *Thomas v Checker Cab Co, Inc,* 66 Mich App 152, 156; 238 NW2d 558 (1975), *lv den* 397 Mich 883 (1976), this Court held that proof that Checker "holds itself out to the public as having control over the operation of 'Checker Cabs' was sufficient to constitute prima facie showing of an employer-employee relationship between Checker Cab Company and the cab drivers". We note that the same facts which prompted this Court's ruling in *Thomas* are alleged in plaintiffs' complaint. See *Thomas, supra,* p 155.

Plaintiffs allege that the beating of Burch by the driver was an act within the scope of the driver's employment. We disagree.

An employer is liable for the intentional tort of its employee if the tort is committed in the course and within the scope of the employee's employment. An employer is not liable, however, if the employee does the act while engaged in the employer's work, but outside of his authority, "as where he steps aside from his employment to gratify some personal animosity or to accomplish some purpose of his own". *Martin v Jones,* 302 Mich 355, 358; 4 NW2d 686 (1942), quoting *Stone v Sinclair Refining Co,* 225 Mich 344, 349; 196 NW 339 (1923).

Summary judgment under GCR 1963, 117.2(1) should only be granted where the claim is so clearly unenforceable as a matter of law that no

factual development can possibly justify a right of recovery. *Ken Cowden Chevrolet, Inc v Corts,* 112 Mich App 570, 572; 316 NW2d 259 (1982). Summary judgment under GCR 1963, 117.2(3) should only be granted where there is no genuine issue as to any material fact. The court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

Although determinations of whether an employee is acting within the scope of his employment are generally for the trier of fact, it is proper to take the case from the jury where it is clear that the employee was acting to accomplish some purpose of his own. See *Martin, supra,* p 358, where the Supreme Court affirmed the trial judge's judgment notwithstanding the verdict after finding that "[t]here was no basis on which the jury might find that Jones [the employee] was furthering his master's interests by shooting plaintiff".

Plaintiffs argue that a common carrier may be held liable for the tortious conduct of its servants committed outside the scope of employment. While this may be correct, see *Johnson v Detroit, Ypsilanti & Ann Arbor Railway,* 130 Mich 453, 454; 90 NW 274 (1902), plaintiffs' cause of action based on *respondeat superior* is not saved from summary judgment. This is so because liability in *Johnson* is based on the duty a common carrier owes directly to its passengers to protect them from the wilful acts of its employees while performing the contract to carry and not on vicarious liability for the acts of its employees.

Count 1 states that defendants violated their duty of due care as common carriers. Standing by

itself, it would appear defendants are entitled to more specific facts in identifying what duty of due care was violated. Count 4 alleges that defendants violated a duty to hire safe and competent drivers. Count 3 alleges reliance by Burch on representations by "Checker Cab" to hire safe and competent drivers who would not harm Burch.

Defendants argue that they cannot, as a matter of law, be held liable for the breach of their duty as common carriers because Burch had left the cab and, therefore, was not a passenger. A person's status as a passenger of a street car or automobile continues "until he has safely stepped therefrom and had a reasonable opportunity to leave the place at which he alights". 13 CJS, Carriers, § 565, p 1073. See, also, *Boyle v Waters,* 199 Mich 478, 481-483; 166 NW 114 (1917). Burch was not injured by the manner in which the cab was driven or in the process of alighting from the cab. The cab ride had ended. Burch had exited from the vehicle and had reached the sidewalk to his home. There was no indication that he intended to return to the cab. An assault such as that involved in the present case is in contrast to one perpetrated while in the performance of the contract to carry a passenger. See *Johnson, supra.* The assault, instead, arose solely out of the cab driver's personal motivations. We conclude that Burch was not a passenger at the time he was attacked.

There are genuine questions as to whether defendants were common carriers and whether the relationship was one of employer-employee or independent contractor. Whatever the relationship was or whether Burch was or was not a passenger is not decisive. The complaint sets forth sufficient averments to reasonably inform defendants of the nature of the negligent hiring claim. Counts 1 and

4 appear to be based on defendants' negligent hiring, retention, and supervision of the driver. Counts 1 and 4 survive the summary judgment motion because a question is sufficiently presented as to whether defendants knew or should have known of the driver's dangerous propensities. Count 3 is based on the duty of "Checker Cab" to provide safe drivers, and it is essentially identical to counts 1 and 4, which are based on negligent hiring.

Regarding the standard of care owed by carriers to passengers to prevent assaults by its employees, there is an indication that carriers might be held to a higher standard in the hiring of their employees than other employers. See 13 CJS, Carriers, § 691, p 1281. Such a standard may involve a requirement that carriers investigate prospective employees to determine whether they are dangerous, a requirement which has not been imposed on other employers. See *Bradley v Stevens,* 329 Mich 556, 561-562; 46 NW2d 382 (1951); *Tyus v Booth,* 64 Mich App 88, 92-93; 235 NW2d 69 (1975).

We affirm the trial court's denial of summary judgment with respect to counts 1, 3, and 4 but reverse and direct the trial court to enter summary judgment with respect to count 2.