JANICE v HONDZINSKI

Docket No. 103992. Submitted January 11, 1989, at Detroit. Decided March 20, 1989. Leave to appeal applied for.

John R. Hondzinski was involved in an automobile collision while making his weekly deliveries of the newspaper News Herald. Hondzinski drove his unmarked car out of a private driveway and attempted to turn left onto a thoroughfare. In the process, his car collided with a vehicle being driven by Peter Janice. Peter Janice and his wife, Maria Janice, filed suit against John R. and Helen Hondzinski and Heritage Newspapers, doing business as News Herald, in Wayne Circuit Court alleging negligence by Hondzinski in the operation of his motor vehicle, vicarious liability against News Herald for the negligence of its alleged employee Hondzinski, and negligent hiring of Hondzinski by News Herald. The court, Robert J. Colombo, Jr., J., granted summary disposition in favor of News Herald as to the vicarious liability claim on the ground that plaintiffs failed to establish a genuine issue of material fact as to an employer-employee relationship between News Herald and Hondzinski. The court also granted summary disposition in favor of News Herald as to plaintiffs' claim of negligent hiring, finding that News Herald had no duty to inquire into the background of its contract drivers and that, even if such a duty did exist, News Herald neither breached the duty by hiring Hondzinski nor contributed to the cause of the accident. Plaintiffs appealed.

The Court of Appeals *held:*

1. The undisputed facts presented to the court establish that Hondzinski was an independent contractor, not an employee of News Herald. There was no genuine issue of material fact as to the existence of an employer-employee relationship in this case. The court properly granted summary disposition in favor of News Herald on this issue.

2. Summary disposition was properly granted in favor of News Herald as to plaintiffs' allegation that News Herald

REFERENCES

Am Jur 2d, Independent Contractors §§ 5 *et seq.*, 37-39.

Newspaper boy or other news carrier as independent contractor or employee for purposes of respondeat superior. 55 ALR3d 1216.

breached a duty by failing to inquire as to whether Hondzinski possessed a chauffeur's license, maintained his vehicle in good working order, or carried automobile liability insurance in excess of the minimum limits required by law. News Herald owed no such duties and, even if such duties did exist, plaintiffs failed to assert sufficient facts to establish that such tortious conduct was a proximate cause of the accident.

Affirmed.

1. NEGLIGENCE — INDEPENDENT CONTRACTORS.

Generally, one who employs an independent contractor is not vicariously liable for the contractor's negligence.

2. NEWSPAPERS — CARRIERS — INDEPENDENT CONTRACTORS — EMPLOY-EES.

The test generally applied to determine whether a newspaper carrier is an employee or an independent contractor is one of control; the indicia to be considered include whether the carrier purchased his route from another carrier rather than the publisher, is referred to as an independent contractor in the contract with the publisher, is included in any of the publisher's benefit plans, trains his successor, hires his own substitutes, must follow the company rules or suggestions, and can deliver other items as well as the publisher's newspaper.

3. NEWSPAPERS — CARRIERS — INDEPENDENT CONTRACTORS.

A newspaper has no duty to inquire of its carriers who are independent contractors whether they possess a chauffeur's license, maintain their vehicles in good working order, or carry automobile liability insurance in excess of the minimum limits required by law.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Lionel J. Postic* and *Charles R. Ash, III*), for plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Richard H. Winslow* and *Marcia L. Howe*), for defendant.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

GRIFFIN, J. Plaintiffs Peter and Maria Janice appeal as of right from a lower court order grant-

ing summary disposition in favor of defendant Heritage Newspapers, doing business as News Herald. We affirm.

I

One day each week since December, 1978, defendant John Hondzinski would deliver newspapers for the weekly newspaper, News Herald. On May 28, 1986, while driving in his own unmarked vehicle and in the process of his weekly deliveries, Hondzinski was involved in a motor vehicle accident with plaintiff Peter Janice. The accident occurred as Hondzinski drove out of a private driveway and attempted to turn left onto a thoroughfare. Plaintiffs' first amended complaint alleges negligence against Hondzinski in the operation of his motor vehicle. Primarily, it is asserted that Hondzinski failed to yield the right-of-way to the plaintiffs' oncoming vehicle.

Plaintiffs' negligence action seeks recovery of personal injuries and damages by Peter Janice and loss of consortium by his wife, Maria Janice. Count I of plaintiffs' complaint (not at issue in the instant appeal) alleges negligence by Hondzinski in the operation of his motor vehicle; Count II: vicarious liability against defendant News Herald for the negligence of its alleged employee Hondzinski; and Count III: negligent hiring of Hondzinski by defendant News Herald.

The contract between the News Herald and Hondzinski required defendant News Herald to make available to Hondzinski an agreed-upon number of newspapers as soon as practicable after publication. Hondzinski promised to pick up the newspapers and promptly deliver them to newsstands, carriers, persons, and places designated by the News Herald. The means and method of trans-

portation and delivery of the newspaper were within the discretion and control of Hondzinski. He had the full right to determine the route or routes to be taken. Hondzinski was permitted to distribute other periodicals, advertisements, or commodities, or to engage in other business activities so long as he did not place materials in the newspapers. He was to use his own transportation for the deliveries and the News Herald did not make any payments for repairs, expenses, or mileage. It was Hondzinski's responsibility to provide a substitute if prevented by illness or other causes from making the distribution or deliveries, and Hondzinski was to maintain the exclusive control of and responsibility for any substitute.

The trial court granted defendant News Herald's motion for summary disposition as to Count II under MCR 2.116(C)(10), ruling that plaintiffs had failed to document sufficient facts to establish a genuine issue of material fact as to an employer-employee relationship between defendant News Herald and Hondzinski.

Subsequently, the trial court also dismissed Count III under MCR 2.116(C)(8) and (10). The court held that defendant News Herald did not have a duty to inquire into the background of its contract drivers and that, even if such a duty existed, defendant News Herald neither breached a duty by hiring Hondzinski nor contributed to the cause of the accident.

II

A motion for summary disposition under MCR 2.116(C)(10) tests the factual basis for a claim. A party defending against a motion brought under MCR 2.116(C)(10) may not rest upon his or her pleadings alone but must support allegations with factual documentation:

> When a motion under subrule (C)(10) is made
> and supported as provided in this rule, an adverse
> party may not rest upon the mere allegations or
> denials of his or her pleading, but must, by affida-
> vits or as otherwise provided in this rule, set forth
> specific facts showing that there is a genuine issue
> for trial. [MCR 2.116(G)(4).]

Plaintiffs argue that a genuine issue of material fact existed as to whether Hondzinski was an employee of the News Herald and therefore the trial court erred in dismissing Count II. We disagree.

Generally, one who employs an independent contractor is not vicariously liable for the contractor's negligence. *Hartford Fire Ins Co v Walter Kidde & Co, Inc,* 120 Mich App 283, 294; 328 NW2d 29 (1982). The rationale for this rule is that an independent contractor is not subject to the control of the employer, and therefore the employer should not be held vicariously liable for actions outside its control. *Id.* See also *Nichol v Billot,* 406 Mich 284, 296; 279 NW2d 761 (1979). The test generally applied to determine whether a newspaper carrier is an employee or an independent contractor is one of control. *Sliter v Cobb,* 388 Mich 202, 205-206; 200 NW2d 67 (1972). See also Anno: *Newspaper boy or other news carrier as independent contractor or employee for purposes of respondeat superior,* 55 ALR3d 1216 (1974).

There are several indicia that the carrier is an independent contractor rather than an employee of the publisher: if the carrier purchased his route from another carrier rather than the publisher, if the carrier is referred to as an "independent contractor" in the contract with the publisher, if the carrier is not included in any of the benefit plans, and if the carrier trains his successor. Other important factors for this determination include:

whether the carrier hired his own substitutes, whether the company rules or suggestions had to be followed, and whether the carrier could deliver other items as well as the publisher's newspaper. 55 ALR3d, § 2, pp 1219-1220.

Michigan courts have followed these general principles to determine the relationship between carrier and publisher. This precise issue has been before the Michigan courts on two occasions. In *Gall v Detroit Journal Co,* 191 Mich 405; 158 NW 36 (1916), the plaintiff was injured when struck by an automobile driven by a carrier delivering papers for a defendant publisher. The contract between the carrier and publisher was terminable at the will of either party and provided that the carrier would deliver and distribute the newspapers at such places, along such routes, and on such schedules as designated by the publisher. The means and methods of such delivery were under the exclusive control of the carrier. In *Gall* the Supreme Court held that, since the publisher had control only over the final result and the means of accomplishing the task was within the carrier's discretion, the carrier was an independent contractor rather than an employee. *Gall,* p 409.

In *Sliter v Cobb, supra,* a plaintiff was also injured in a motor vehicle accident with a carrier delivering newspapers. The Court found that the following factors were indicative of an employer-employee relationship between the carrier and the publisher: the route was owned by the publisher and leased to the carrier (whereas in *Gall,* the carrier owned the route and could sell it to another party), the carrier was forbidden from delivering any other publications on the route, the publisher directed the manner in which the papers were to be rolled, banded, and deposited, the carrier was required to comply with the publisher's

billing procedure, credit policies, and bookkeeping methods, the carrier could not terminate delivery to customers, except for nonpayment, without the permission of the publisher, and the carrier received a mileage allowance for servicing the route.

In the present case, the following facts are undisputed: the News Herald did not reserve the right to cancel the contract at will, Hondzinski was not prohibited from delivering other publications, and Hondzinski was not required to follow the publisher's credit policies, billing procedures, and bookkeeping practices. Neither was Hondzinski provided with benefits or paid vacations by the publisher. The publisher retained control over only the result, i.e., that the newspapers were to be timely delivered at the appropriate locations; Hondzinski retained control over the manner and method of the delivery.

These undisputed facts establish that Hondzinski was an independent contractor. Moreover, other factors, such as the fact that Hondzinski is defined by the contract as an independent contractor and was not included in the News Herald's benefit plans support this conclusion. None of the factors cited by the *Sliter* Court give rise to a genuine issue of material fact as to the existence of an employer-employee relationship in the instant case. Therefore, we find that the trial court properly granted summary disposition in favor of defendant News Herald as to Count II of plaintiffs' complaint.

III

Plaintiffs next argue that the trial court erroneously granted summary disposition in favor of defendant News Herald under MCR 2.116(C)(8) and (10) on their claim in Count III that defendant

News Herald negligently hired Hondzinski as an independent contractor.

The standard of review of a ruling under MCR 2.116(C)(10) is set forth above. A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone.

The existence of a duty owed by a defendant to a plaintiff is a necessary element of every negligence action. The issue of duty is a question of law for the court to decide. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977); *Simonds v Tibbitts,* 165 Mich App 480, 482-483; 419 NW2d 5 (1987).

As stated above, the general rule is that an employer of an independent contractor is not liable for the contractor's negligence. *Hartford, supra.* However, many jurisdictions recognize an exception to this rule where an employer knowingly, recklessly, or negligently selects an incompetent independent contractor. See generally, Anno: *When is employer chargeable with negligence in hiring careless, reckless, or incompetent independent contractor,* 78 ALR3d 910; 41 Am Jur 2d, Independent Contractors, § 26, pp 779-781; Restatement Torts, 2d, § 411, p 376.

It is unclear whether Michigan recognizes such a tort. Further, Michigan has yet to define whether an employer's conduct must be knowledgeable, reckless, or merely negligent.[1] Resolution of these questions is not necessary in the present case.

Plaintiffs allege that the News Herald breached a duty by failing to inquire as to whether Hondzinski possessed a chauffeur's license, maintained his

---

[1] Passing reference to such a tort is made in *Eger v Helmar,* 272 Mich 513; 262 NW 298 (1935), and *Burch v A & G Associates Inc,* 122 Mich App 798; 333 NW2d 140 (1983). The parameters of such a tort, should it exist in Michigan, have never been defined.

vehicle in good working order, or carried automobile liability insurance in excess of the minimum limits required by law. The Honorable Robert J. Colombo, Jr., ruled that defendant News Herald did not owe such duties and even if such duties did exist plaintiffs failed to assert sufficient facts to establish that such tortious conduct was a proximate cause of the accident. We agree.

There is absolutely no evidence that the accident was caused by poor maintenance of Hondzinski's vehicle or by the failure of Hondzinski to carry liability insurance great than the minimum limits required by law.

As to the failure of Hondzinski to possess a chauffeur's license,[2] plaintiffs note that negligence may be inferred from the breach of a licensing requirement. *Klanseck v Anderson Sales & Service, Inc,* 426 Mich 79; 393 NW2d 356 (1986). The issue of proximate cause need not be addressed since it is clear that the licensing statute was not breached. The Michigan Vehicle Code states that "[n]o person shall knowingly *employ* any chauffeur to operate a motor vehicle who is not licensed as provided in this chapter." MCL 257.327; MSA 9.2027. (Emphasis added.) The trial court ruled that, since Hondzinski was an independent contractor and not "employed" by defendant, this requirement was inapplicable. As indicated by our holding, *supra,* we agree.

In addition, we note that whether or not a chauffeur's license is required depends upon the principal purpose of the employment. OAG 1941-42, No 20265, p 202. In the present case, the principal purpose of the contract was the delivery of newspapers, not the operation of a motor vehi-

---

[2] It is undisputed that Hondzinski possessed a valid operator's license at the time of the accident. Further, Hondzinski's driving record was exemplary.

cle. The method of the delivery, whether by foot, bicycle, or motor vehicle, was within the control of Hondzinski. Accordingly, even if Hondzinski were regarded as an employee of defendant News Herald, a chauffeur's license would not be required.

Affirmed.