HERSH *v.* KENTFIELD BUILDERS, INC.

1. MASTER AND SERVANT—INTENTIONAL TORT—EMPLOYEE'S CRIMINAL
    RECORD.
    An employer who knew or should have known of his employee's
    propensities and criminal record before commission of an in-
    tentional tort by employee upon customer who came to em-
    ployer's place of business would be liable for damages to such
    customer.

2. MASTER AND SERVANT — NEGLIGENCE — EMPLOYEE'S CRIMINAL
    RECORD — JURY QUESTION.
    Question of whether an employer knew or should have known of
    an employee's vicious propensities should not be determined
    by any court as a matter of law but by the jury, in an action
    for damages against the employer for the negligent hiring
    of an employee who assaulted plaintiff where the employee had
    been in prison, as the welfare of persons convicted of crime
    as well as that of other members of the community is better
    served by a rule of law which requires a jury—the con-
    science of the community—rather than a judge, to assay the
    import of that fact and the circumstances giving rise to it
    in determining whether their employment for a given job
    under given circumstances is a reasonable course to follow.

Appeal from Court of Appeals, Division 2, J. H.
Gillis, P. J., and Levin and Bronson, JJ., reversing
Oakland, Frederick C. Ziem, J. Submitted March
3, 1971. (No. 37 January Term 1971, Docket No.
52,644.) Decided August 27, 1971.

19 Mich App 43 reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Master and Servant § 437.
[2] 53 Am Jur 2d, Master and Servant § 422.
Liability of employer, other than carrier, for a personal assault
upon customer, patron, or other invitee. 34 ALR2d 372.

Complaint by Melvin R. Hersh and Beverly Hersh against Kentfield Builders, Inc., and Sam Steel Custom Builders for damages for the negligent hiring of an employee who assaulted plaintiff. Directed verdict for Sam Steel Custom Builders. Verdict and judgment for plaintiff Melvin R. Hersh. Verdict and judgment of no cause of action for plaintiff Beverly Hersh. Defendant Kentfield Builders, Inc., appealed to the Court of Appeals. Reversed. Plaintiff Melvin R. Hersh appeals. Reversed and remanded for reinstatement of verdict.

*Samuel H. Rubin & Associates, Inc., P. C.* (*Morris H. Shillman,* of counsel), for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff* and *White* (by *Robert G. Waddell*), for defendant Kentfield Builders, Inc.

T. G. KAVANAGH, J. This is an appeal from a decision of the Court of Appeals[1] which overturned a jury verdict in favor of plaintiff, Melvin R. Hersh against defendant Kentfield Builders, Inc.[2]

The facts giving rise to the suit are as follows.

Plaintiff, Melvin Hersh, a kitchen cabinet salesman, went to one of defendant Kentfield Builders, Inc.'s model homes to keep a business appointment with defendant's president, Norman Steel.

While waiting for Steel, Hersh was seriously injured in an unprovoked attack by one Benton Hutchinson, a casual laborer employed by defendant to do clean-up work and odd jobs around the models.

---

[1] (1969), 19 Mich App 43.

[2] In the trial court defendant Sam Steel Custom Builders was granted a directed verdict and plaintiff Beverly Hersh was found to have no cause of action. Neither of these parties appealed and further reference to plaintiff and defendant is to Melvin R. Hersh and Kentfield Builders, respectively, unless otherwise stated.

Hutchinson was subsequently committed to the Ionia State Hospital for the criminally insane.

Hersh's suit was based upon defendant's asserted negligence in employing or retaining Hutchinson knowing, or by failing to be reasonably diligent in ascertaining, Hutchinson's vicious and murderous propensities.

The jury's verdict for Hersh was set aside by the Court of Appeals on its determination that there was no evidence in the record to support the conclusion of negligence. The Court said (p 48):

"It is apparent from that record that Hutchinson's manner did not reveal an assaultive propensity and that his employer, who was without knowledge of the prior conviction for manslaughter, cannot be said to have acted unreasonably in hiring him as to fix 'fault' on the employer."

There is no dispute about the law in Michigan applicable to this case. It was held in *Bradley* v. *Stevens* (1951), 329 Mich 556, headnote 2:

"An employer who knew or should have known of his employee's propensities and criminal record before commission of an intentional tort by employee upon customer who came to employer's place of business would be liable for damages to such customer."

The principle is stated in 34 ALR2d 390, § 9:

"§ 9. Negligence; selection or retention of employee.

"As has already been noted, a duty imposed upon an employer who invites the general public to his premises, and whose employees are brought into contact with the members of such public in the course of the master's business, is that of exercising reasonable care for the safety of his customers, patrons, or other invitees. It has been held that in fulfilling such duty, an employer must use due

care to avoid the selection or retention of an employee whom he knows or should know is a person unworthy, by habits, temperament, or nature, to deal with the persons invited to the premises by the employer. The employer's knowledge of past acts of impropriety, violence, or disorder on the part of the employee is generally considered sufficient to forewarn the employer who selects or retains such employee in his service that he may eventually commit an assault, although not every infirmity of character, such, for example, as dishonesty or querulousness, will lead to such result."

The basic disagreement is over the application of the law to the facts of this case.

The plaintiff asserts that the conclusion of negligence is for the jury who alone may properly weigh the considerations necessary to judgment of whether the defendant acted reasonably under the facts of this case.

The defendant asserts that there is no evidence in the record which will support a conclusion of negligence.

We think the trial judge was eminently correct in submitting the case to the jury. In denying the motion for a directed verdict he said:

"Now, in this case, the employer defendant did learn of a prior criminal record during the time of his employment. Now, the weight of that or significance of it, as to whether he knew or should have known of the propensities, in my opinion, is a question of fact for the jury.

"Certainly there is a distinction between the Bradley versus Stevens case, 32 [*sic*] Michigan 556 and the case at Bar. And there's a distinction in the case of Kendall versus Gorr property case, but the principle is the same.

"In the Bradley versus Stevens case, Mr. Whitfield indicates that there's a distinction, as I under-

stand it, because of exposure to the public of employees. But there's testimony of Mr. Steel the people did come to the homes to look at them. I would take it from his testimony the jury could find these were potential customers. In a sense this employee is exposed to the public. How much would be a question for the jury.

"So it's my opinion of the law that first that the—and I would instruct accordingly, and certainly this defendant is not a guarantor. He's not an insuror [sic], and there's no liability on the part of the employer for torts intentionally or recklessly committed by an employee beyond the scope of his master's business. But if the defendant knew or should [sic] of this man, Hutchinson's propensities and criminal record, then we—in my opinion, have a question of fact for the jury as to whether or not he—this employer knew or should have known is a close question, but there's sufficient testimony to submit that to the jury.

"The question of negligence in this case, in my opinion, is a fact question to be submitted to the jury. It's a very close question, but in my opinion, a motion for directed verdict as to the remaining defendant is denied."

The gist of his instruction to the jury was:

"Now, in this case, an employer is not liable for intentional or reckless acts committed by an employee beyond the scope of his employer's business. The act of Bennie Hutchinson, of which the plaintiff complains in this action, was clearly beyond the scope of his employment, so the mere fact of the employment does not impose liability on the defendant. The defendant employer is not an insurer or guarantor of the safety of others, such as the plaintiff.

"However, the law does impose upon employers the duty of using reasonable care in the hiring of employees, and if you find that the defendant was negligent in the hiring of Bennie Hutchinson, on

the day in question, then you should find for the
plaintiffs, provided you find that such damages in-
flicted on the plaintiff were the proximate result
of that negligence.  If, however, you find that the
defendant was not negligent, then you should find
for the defendant.

"Now, in order to find negligence in this case, you
must find that the defendant knew or should have
known of facts which would reasonably indicate that
the employee, Bennie Hutchinson, had a violent or
vicious nature which was likely to result in injury
to someone.

"In determining negligence, you may take into
account the defendant's knowledge that Hutchinson
had been in prison.  However, the mere fact that
a person has a criminal record, even a conviction for
a crime of violence, does not in itself establish the
fact that that person has a violent or vicious nature
so that an employer would be negligent in hiring
him to meet the public.

"In determining negligence, you may also take
into account the experience which the defendant had
with Hutchinson over the other times that he was
employed before this incident."

We think the trial judge correctly stated the law
and postured the case in his instruction.  Whether
the employer knew or should have known of Hutch-
inson's vicious propensities should not be deter-
mined by any court as a matter of law, but by the
jury.

We are not unmindful of or unsympathetic to the
considerations which prompted the Court of Appeals
decision.  We share their concern for those persons
who, having been convicted of a crime, have served
the sentence imposed and so are said to have paid
their debt to society and yet find difficulty in obtain-
ing employment.  In our considered view, however,
their welfare as well as that of the other members
of the community is better served by a rule of law

which requires a jury—the conscience of the community—rather than a judge, to assay the import of that fact and the circumstances giving rise to it in determining whether their employment for a given job under given circumstances is a reasonable course to follow.

The Court of Appeals is reversed and the cause remanded for reinstatement of the jury's verdict.

Costs to appellant.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.

BLACK, J., concurred in the result.