## TYUS v BOOTH

1. JUDGMENT—DIRECTED VERDICT—CONCEDED FACTS—OPENING STATE-
   MENT—OPPORTUNITY TO QUALIFY.

   A trial court may direct a verdict for a defendant upon the
   opening statement of the plaintiff's counsel where the conceded
   facts in that statement show that the plaintiff has no cause of
   action or right to recover, but such power must be exercised
   sparingly, and never without full consideration and opportunity
   for counsel to qualify his statement so far as the truth will
   permit (GCR 1963, 117.2[1]).

2. NEGLIGENCE—PROPERTY OWNERS—DUTY OF CARE—KNOWN DAN-
   GERS—BUSINESS INVITEES.

   The duty of a property owner to use reasonable care in keeping
   his premises safe for business invitees is to remedy or warn of
   dangers which are known to him or which, in the exercise of
   reasonable care, he should have discovered.

3. NEGLIGENCE—ASSAULT—EMPLOYER—EMPLOYEE—DUTY OF CARE—
   REASONABLE CARE—VIOLENT PROPENSITIES—INVESTIGATION.

   An employer is not absolutely liable for an assault committed by
   his employee; his duty is to use reasonable care to assure that
   an employee known to have violent propensities is not unrea-
   sonably exposed to the public, but he is not required to conduct
   an in-depth background investigation; therefore, a defendant-
   employer was properly awarded summary judgment, in an
   action for negligence arising out of an assault by defendant's
   employee, where the plaintiff was unable to offer to produce
   evidence from which jurors could reasonably conclude that the
   defendant had notice of the violent propensities of his em-
   ployee.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 489 *et seq.*

[2] 62 Am Jur 2d, Premises Liability §§ 28, 29, 62–68, 239.

[3] 6 Am Jur 2d, Assault and Battery §§ 126, 131 *et seq.*

Liability of employer, other than carrier, for a personal assault
upon customer, patron, or other invitee. 34 ALR2d 372.

. Appeal from Wayne, Ross W. Campbell, J. Submitted June 19, 1975, at Detroit. (Docket No. 23286.) Decided August 28, 1975.

Complaint by Bernard Tyus and Robert Tyus against Tom Booth for damages for negligence. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Raymond L. Krell,* for plaintiffs.

*Sullivan, Ranger, Ward & Bone,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiffs brought suit, alleging that on July 24, 1966, one Flozelle Nails, an employee at a service station owned by defendant Tom Booth, had committed unprovoked assaults on them. A tortious assault count against Nails and Booth was dismissed because the applicable two-year statute of limitations had expired, MCLA 600.5805(1); MSA 27A.5805(1). Suit continued on two negligence allegations against owner Booth. One theory was that Booth failed to carry out his common law duty to use reasonable care in keeping the premises safe for business invitees. The other theory was that Booth had negligently exposed the public to an employee with known violent propensities.

This appeal is from an order of dismissal pursuant to a previously granted summary judgment following plaintiff's opening statement. The final order was entered on February 14, 1975, and this appeal is of right under GCR 1963, 806.1.

The trial judge held that even if plaintiffs proved all facts claimed in the opening statement,

defendant was entitled to a judgment as a matter of law. Defendant's motion was characterized as a "motion to dismiss" and a "motion for directed verdict". See *Bean v State Land Office Board,* 355 Mich 165, 176; 55 NW2d 779 (1952), and *Vida v Miller Allied Industries,* 347 Mich 257, 264; 79 NW2d 493 (1956) where it is said, quoting 53 Am Jur, Trial, § 373, pp 303, 304 with approval:

" 'It is a well-established general rule, followed by the majority of the courts of this country, including the courts of the United States, that the trial court may usually direct a verdict for the defendant upon the opening statement of the plaintiff's counsel, where that statement shows that the plaintiff has no cause of action or right to recover. The rule is founded on the theory that the time of the court and the jury would be wasted, since the result, if the evidence were introduced, would necessarily be the same; that it would be an idle waste of time to hear evidence which could not benefit the party offering it * * * . And a trial court has the right to act upon the facts deliberately conceded by counsel in his opening statement to the jury, and direct a verdict against the plaintiff, if such conceded facts would not entitle him to a verdict; but such power must be exercised sparingly, and never without full consideration and opportunity for counsel to qualify his statement, so far as the truth will permit.' "

We follow *Mathews v Wosek,* 44 Mich App 706, 708; 205 NW2d 813 (1973), and hold that the trial court's action is to be viewed as an order granting summary judgment for failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1). We note also that the trial court gave counsel for the plaintiffs full opportunity to set forth expected proofs and to amplify his opening statement after the motion was made. No error is alleged in that regard.

Defendant's legal duty with regard to safe prem-

ises is set forth in *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 371; 189 NW2d 208 (1971):

"[T]he duty * * * is to remedy or warn of dangers which are known to him or which, in the exercise of reasonable care, he should have discovered."

As to plaintiffs' other theory, that defendant negligently foisted his violent employee upon the public, the elements necessary to sustain that claim are set forth in *Hersh v Kentfield Builders, Inc,* 385 Mich 410, 412; 189 NW2d 286 (1971):

" 'An employer who knew or should have known of his employee's propensities and criminal record before commission of an intentional tort by employee upon customer who came to employer's place of business would be liable for damages to such customer.' "

It can be seen that for both theories, plaintiff may recover only upon a showing that the employer knew or should have known of the violent propensities of his employee. Upon questioning by the trial court, plaintiffs' counsel made it known that there was no evidence that defendant had actual knowledge of prior assault convictions of the employee. He relied instead on the claim that defendant employer, in the exercise of reasonable care, should have discovered the employee's criminal record and should then have isolated him from the public, and particularly the plaintiffs. The claimed negligence stems from defendant's failure to diligently unearth his employee's background and discover his criminal record.

In deciding what duty an employer has to the public, we are guided by *Tortora v General Motors Corp,* 373 Mich 563; 130 NW2d 21 (1964). This was a negligent entrustment case where plaintiff

sought to prove that the driver had a bad driving record and that the employer knew or should have known of the driving record. There it was held reversible error for the trial court to instruct the jury that the employer could have determined the driving record of its employee, had it so chosen.

"The defendant employer may indeed have known that employee Boike was consistently finding it difficult to obey the traffic code as he drove its cars on business and pleasure. It may be, too, that the company learned sooner or later that Boike had become a chronic convict in such regard. But the record shows no proof of such knowledge, and no proof from which the jury might with propriety have inferred that the employer became possessed of such knowledge prior to the date of Mr. Boike's 13th dereliction; referring to that which occurred October 10, 1959. All plaintiff offers in support of his burden is the allegation that, since the records maintained under said section 257.204a are public records (citing CLS 1961, § 257.208 [Stat Ann 1960 Rev § 9.1908]), the defendant employer was under legal duty to keep abreast of such records and to act preventively upon finding what it would have found respecting the transgressions of employee Boike in the use of its cars. No authority for such contention has been cited." 373 Mich at 567–568.

See also, *Bradley v Stevens,* 329 Mich 556; 46 NW2d 382 (1951), and *Hersh v Kentfield Builders, supra,* where the employer's duty was held satisfied short of the inquiry here urged.

We conclude that defendant, a gasoline service station employer, was not required to conduct an in-depth background investigation of his employee. An employer is not absolutely liable for assault committed by his employee. The duty is to use reasonable care to assure that the employee known to have violent propensities is not unreasonably exposed to the public.

As to a prior record for crimes of violence, we note that the court in *Hersh v Kentfield Builders, supra* held that knowledge of an employee's record could be construed by reasonable jurors as presenting to the employer a situation from which he "should have known" of the propensity for violence. In the instant case, plaintiffs offered no proof of any such actual knowledge. In spite of careful questioning by the trial judge, plaintiffs were unable to offer to produce evidence from which jurors could have reasonably concluded that defendant had notice of his employee's propensity for violence. Plaintiffs' proposed proofs rested on defendant employer's duty to inquire into the background of his employees. Plaintiffs' offer did not include breach of a legal duty by the defendant. The trial court properly granted summary judgment.

Affirmed. Costs to defendant.