# Order

**Supreme Court**
**Lansing, Michigan**

September 23, 2005

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

126276

Rehearing No. 525

MILISSA McCLEMENTS,
      Plaintiff-Appellee/
      Cross-Appellant,

v

FORD MOTOR COMPANY,
      Defendant-Appellant/
      Cross-Appellee,

and

DANIEL P. BENNETT,
      Defendant.

SC: 126276
COA: 243764
Oakland CC: 01-034444-CL

_____/

On order of the Court, a motion for rehearing is considered and, in lieu of granting rehearing, the opinion of the Court is amended in the following respects:

At slip opinion pages 2, 14, 17, 20 and 22 and in footnote 10 the phrase "the terms, conditions or privileges" is amended to read: "a term, condition, or privilege."

In the third sentence of footnote 14 the phrase "alter the terms and conditions of employment" is amended to read: "affect an individual's employment."

In all other respects, the motion for rehearing is DENIED.

CAVANAGH and WEAVER, JJ., would grant rehearing.

KELLY, J., dissents and states as follows:

I would grant rehearing and remand the case to allow plaintiff to proceed on both her claim under the Civil Rights Act (CRA), MCL 37.2101 *et seq.*, and her negligent retention claim.

By switching its reference from "the terms, conditions, or privileges of employment" to "a term, condition, or privilege of employment," the majority has

significantly undermined the reasoning of its opinion. Much of the majority's analysis rests on an analogy to § 202 of the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1202. But, the PWDCRA does not use the phrase "a term." It uses the phrase "the terms." This majority has repeatedly stressed that it perceives a difference between "the" and "a" when used by the Legislature. See *Robinson v Detroit*, 462 Mich 439, 458-459 (2000). Under the majority's logic, since one contains "a" and the other contains "the," the PWDCRA and the CRA must have different meanings. The CRA must be construed more broadly than the PWDCRA. However, the majority instead reads both acts the same way, narrowly. It fails to recognize its inconsistency.

If defendant Ford adversely affected a single term or condition of plaintiff's employment, it should be held liable under the CRA. Plaintiff alleged that Ford did adversely affect a term or condition of her employment through its employee Bennett when Bennett created a hostile work environment. She also asserted that Ford had notice and did not adequately respond to Bennett's harassment. I believe that plaintiff stated a claim under the CRA.

In addition, I would allow her to amend her claim of negligent retention. Claims of negligent retention can be based on assault and battery. Given that the majority held that plaintiff's claim cannot be based on sexual harassment, as plaintiff alleged, plaintiff should be allowed to amend her complaint.



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 23, 2005

_____
Clerk

p0919